IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01649-ZLW

JEFFREY IAN, also known as
JEFF I. SHERMAN, also known as
JEFFREY IAN SHERMAN, also known as
JEFF SHERMAN,

    Plaintiff,

v.

ROSA LOMAS,

    Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2007

GREGORY C. LANGHAM
                        CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jeffrey Ian, also known as Jeff I. Sherman, Jeffrey Ian Sherman and Jeff Sherman, initiated this action by filing *pro se* a complaint titled "Libel of Review" and subtitled "common law counterclaim in admiralty – notice lis pendens and – verified statement of right – Re: God-given unalienable rights in the original estate – Article III, Constitution." He has paid the $350.00 filing fee. Jurisdiction is not clearly or succinctly stated. Mr. Ian apparently seeks injunctive relief.

The Court must construe the complaint liberally because Mr. Ian is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Ian will be directed to file an amended complaint.

The Court has reviewed the complaint filed by Mr. Ian and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ian's complaint is prolix and vague. Mr. Ian fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends. **See** Fed. R. Civ. P. 8(a)(1). Mr. Ian also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. **See also** Fed. R. Civ. P. 8(a)(2). Mr. Ian apparently asserts that Defendant Rosa Lomas, a Washington, D.C., agent for the

2

Internal Revenue Service (IRS), has attempted to intimidate him into participating in an audit meeting. Mr. Ian also alleges that on August 1, 2007, Ms. Lomas notified him that in order to close his case with the IRS she needed the tax returns for years 2004, 2005, and 2006 he allegedly had not yet filed.

Mr. Ian will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Ian is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims. In order for Mr. Ian "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). The complaint must give Defendant sufficient notice to begin preparing her defense and the Court sufficient clarity to adjudicate the merits of Plaintiff's claims. **See Bell Atlantic Corp. v. Twombly**, 127 S. Ct. 1955, 1964-74 (2007). Accordingly, it is

ORDERED that Mr. Ian file **within thirty (30) days from the date of this order** a amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ian, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that Mr. Ian submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Ian fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 15 day of Aug., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court